We're going to hear from you. You should be aware that we've read all of the papers in the case, so we're familiar with all of that. You don't have to repeat it. Anything more you'd like to say to us, we'll hear you. I just want to say good morning to everybody. Basically what this case is about, which you have already read, this case was about a warrant that originated out of the state of New Jersey. The warrant was void at its inception, meaning that New Jersey had no jurisdiction to issue the warrant. The defendant, therefore, when myself, the appellant, was coming to Customs after a vacation for about two weeks in the Caribbean, going through Customs and coming to find out, a warrant popped up. Then I was challenged at the fact that where this warrant come from. I haven't been in the state of New Jersey for about two or three years. Then what happened is that that's when Darby came along. He talked with the U.S. Customs officer, and then he did his own investigation by contacting Hudson County Sheriff's Department. During that point, I was arrested, and the charge was drawn up as a fugitive warrant under the New York law. The following day, what happened, New Jersey invalidated that warrant, that following day. The argument which the defendant and the district court is stating that they have probable cause for the arrest. However, under New York state law, once the warrant is invalidated, there is no probable cause under Jennings in 1981. I'm basically here today to basically explain, this is the circumstances of the probable cause. The probable cause is basically you must have a valid warrant. The warrant was invalid from the day it was over. Can I just ask you a question? Yes. One of the things you say was unfair about the way you were treated was that the judge didn't give you a chance to amend your complaint. Yes, that's correct. To add certain things. Could you tell me what you would have said in addition if you had been given a chance by the district court to amend as to all the defendants except for Officer Darby before that part of your lawsuit was dismissed? What would you have said that's additional? Well, basically what would have been additional, I would have showed paperwork that showed that during that time when I was on probation in the state of New Jersey, I was transferred to New York. That was October 10, 2012. That's in the appendix, page 22 to 23. That would have been added onto to show that it was a one-year probation that I was transferred over to New York. Once the probation ended, New Jersey and the state of New York no longer had jurisdiction at all. Thank you very much. We'll hear from the other side. Good morning. May it please the court, my name is Cheryl Alterman and I'm representing the defendant, Apali, Officer Dobre sued herein as Officer Darby. First, we'd like to explain to the court that Officer Dobre did have probable cause to effectuate the arrest back on April 15, 2015. When the plaintiff went through customs and his passport had popped for an active warrant, the U.S. Customs Officer was the first agency to investigate whether or not there was an active warrant for the arrest, which was corroborated by Hudson County Sheriff's Office. Then that information was relayed to Port Authority Police at JFK Airport, who in turn conducted their own independent investigation, did a hit search, a criminal history background of the plaintiff to find out whether or not there were any open and active warrants in New Jersey to confirm the information that was received from customs and called the Hudson County Sheriff's Office, who faxed to Port Authority Police at JFK Airport that there was an active warrant for plaintiff's arrest on the date back in April 2015 and they were seeking to extradite plaintiff based on that open warrant. So once that information was learned by the officer, he did effectuate the arrest and everything went in accordance with the paperwork and the investigation that was corroborated by Hudson County Sheriff's It's really about why you had to spend the second night in prison, in jail, in New York. Sure. So it was faxed the next morning that I think the judge in New Jersey said, I'm going to dismiss this, and then it was because that was in New Jersey, it was sent over to New York to the DA's office and it wasn't acted on all day, so you had to spend another night in jail in New York. How do you explain that? Yes, well first I'd like to note that that had nothing to do with the Port Authority. At that point he was in Queen Central booking and he was out of the Port Authority's control and custody. When the Port Authority kept him, during the entire period of time the Port Authority had him in custody, there was an open warrant. The warrant did not get vacated by the state of New Jersey until the plaintiff contacted his attorney, Mr. Lisa, and he had to go to court and have the warrant vacated. At that point in time he was out of the Port Authority's custody and control, he was in Queen Central booking, and the Port Authority had nothing to do with it. Some of the defendants are in New York, Malini and Brown. Malini and... New York City Department of Corrections. Right, and the Port Authority is an independent agency from those and had no authority to release him from jail at that point in time. So you're representing only the Port Authority defendants, is that right? That's correct. Where are the other defendants counseled? They've never appeared in this action, Your Honor. What happened is that a complaint was filed and the District Court Suis Ponte dismissed the claims against the Port Authority defendant, the agency, the City of New York, the Department of Corrections, and the District Attorney. And the only person who had to appear or answer in this case was Officer Dobre, who we filed a motion to dismiss on his behalf. And now with respect to the appeal we're also representing the Port Authority as an agency. With respect to the argument whether or not an amendment would have been futile, it's our position that it would have been because it would not have negated the probable cause for the arrest. And just to point out, which was addressed in our papers, that amending the complaint was never brought up during the District Court. At any point in time after we filed our letter of motion to dismiss, in plaintiff's opposition to our letter of motion to dismiss, he never asked for an opportunity to amend the complaint. And the law in this court is very clear that the court does not have to act as a pro se litigant's counsel. There's no requirement the court had to require him to seek leave to amend the complaint. There was never an argument below that he would like to amend the complaint for these stated reasons and was not given the opportunity to do so. But even if this court were to entertain that argument, it would not have changed the result that there was probable cause for the arrest, thereby granting Officer Dobre qualified immunity for his actions that day. And with respect to the other claims against the Port Authority defendants, those were also properly dismissed sua sponte in the September 17, 2015 decision by the District Court, because the only claims against the Port Authority defendant was under Section 1983, and there was not any evidence of deliberate indifference for failure to train Officer Dobre. And in fact, his actions show that he acted reasonably and that he did his own due diligence and conducted an independent investigation as to whether there was an open warrant and did not just rely on the custom search and investigation that was done, but went above and beyond and conducted his own investigation to confirm that there was an open warrant and that Hudson County was seeking extradition for the plaintiff on the date that the Port Authority was in control. Thank you. All right. Mr. Johnson, we'll give you a minute if you'd like to say anything in response to what your adversary just said. Thank you, Your Honor. Well, basically what the defendant has said, there's no dispute about the fellow officer rule. There is dispute, however, that did the State of New Jersey have jurisdiction at the time to issue the warrant? That answer is no, because the very next day, which she is correct, that attorney, Mr. Lisa, did go to New Jersey and had the warrant invalidated. Right, but how would that be chargeable to Officer Dobre? Well, it would definitely be chargeable to Officer Dobre because he relied on information passed from Hudson County. You know, we have law, though, that says that one police officer can rely on information that comes from another police officer, even if it's mistaken, as long as the relying officer doesn't know that and thinks that it is, in fact, valid. So is there some reason to think Officer Dobre knew that the warrant wasn't valid? Well, as the defendant stated, what happens is that he did talk to the U.S. Customs. The U.S. Customs officer did advise him that the warrant appears invalid. Now, the reason why he said it appeared invalid, because up on his screen, it doesn't say nothing about probation violation or nothing. It didn't say anything. Where is it in the record that the Customs officer told him the... This was in... See, I saw where you told him that when he was dealing with you. But where is it that Customs told him that? I don't have a statement from Customs. Okay, we'll look for it. Okay, thank you very much. We'll take this matter under advisement and try and get you a decision as soon as we can.